

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RASHAD JADE GORDON** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO.** H-98-0394 |
| **vs.** | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | **JURY TRIAL DEMANDED** |
| **THE CITY OF HOUSTON,** | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **JUDGE JIM WALLACE, in his official** | § | United States Courts Southern District of Texas FILED |
| **capacity, MAGISTRATE CAROL** | § | |
| **CARRIER, in her official capacity,** | § | FEB 11 1998 |
| **CHIEF C.O. BRADFORD, in his official** | § | |
| **capacity, SHERIFF TOMMY THOMAS,** | § | Michael N. Milby, Clerk of Court |
| **in his official capacity, and CHARLES** | § | |
| **NOBLE, in his official capacity** | § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Rashad Jade Gordon (Plaintiff) files this original complaint, and would respectfully show the Court as follows:

## STATEMENT OF THE CLAIM

1. Plaintiff files this civil action for declaratory, injunctive, and monetary relief seeking redress from the Defendants for unlawful discrimination due to his disability. Plaintiff asserts that the Defendants discriminated against him in violation of Section 504 of the Rehabilitation Act of 1973 , 29 U.S.C. § 794, *et. seq.* (Section 504), Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et.seq.* (ADA), and Chapter 121 of the Texas Human Resources Code.

ClibPDF - www.fastio.com

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims brought pursuant to 29 U.S.C. § 794 and 42 U.S.C. § 12131 under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction under 28 U.S.C. § 367(a) to consider Plaintiff's state law claims because they arise from the same facts underlying Plaintiff's federal claims and Plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

3. Venue is invoked pursuant to 28 U.S.C. § 1391, and properly lies in the Houston Division of the United States District Court for the Southern District of Texas because all of the events complained of occurred within Houston, Harris County, Texas.

## PARTIES

4. Plaintiff, RASHAD JADE GORDON, is a resident of Houston, Harris County, Texas. Plaintiff is profoundly deaf and communicates by American Sign Language (ASL). Therefore, Plaintiff required a qualified ASL interpreter and reasonable accommodations/modifications to communicate effectively with Defendants and to benefit from Defendants' programs, services and activities.

5. Defendant, The State of Texas, is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504. Defendant may be served through Antonio O. Garza, Secretary of State at P.O. Box 12697, Austin, Texas or at the State Capitol, East Wing, Room 194A, Austin, Texas 77811-2697.

6. Defendant, The City of Houston, is a local government which is also a public entity under the ADA and a recipient of federal financial assistance. The City is also subject to the requirements of the ADA and Section 504 and for ensuring that its departments and agents comply with state and

ClibPDF - www.fastio.com

federal disability laws. The City may be served with process by serving Lee Brown, Mayor, or Anna Russell, City Secretary, at 900 Bagby, Houston, Texas 77002.

7. Defendant, Harris County, is also public entity which is covered by the ADA. Because Harris County receives federal financial assistance, it is also is subject to the requirements of Section 504. Harris County may be served with process by serving County Judge Robert Eckels, at 1001 Preston, 9th Floor, Houston, Harris County, Texas.

6. Defendant, Honorable Jim Wallace, is presiding Judge over the 263 rd Judicial District Court, and he is sued only in his official capacity. The 263 rd Judicial District Court is also a public entity and a recipient of federal financial assistance. Therefore, it must comply with the ADA and Section 504. Defendant may be served at the 263 rd Judicial District Court, 301 San Jacinto, Room 608, Houston, Texas 77002.

7. Defendant, Honorable Carol Carrier, is a Magistrate with the Harris County Judicial District Courts. Defendant Carrier conducted an initial appearance and probable cause hearing for Rashad Jade Gordon, and is sued in her official capacity only. Defendant may be served at the Administrative Office of the District Courts at 301 San Jacinto, Room 100, Houston, Texas 77002.

8. Defendant, C.O. Bradford, Chief of the Houston Police Department, is sued only in his official capacity. As Chief of the Houston Police Department, Defendant Bradford is responsible for ensuring that employees and agents of the Houston Police Department comply with federal and state disability laws. Defendant Bradford may served with process at 1200 Travis, Houston, Texas 77002.

9. Defendant, Sheriff Tommy Thomas, is responsible for ensuring that Harris County deputies comply with state and federal disability laws. Defendant Thomas is sued only in his official capacity and may be served with process at 1301 Franklin, Houston, Texas 77002.

ClibPDF - www.fastio.com

10. Defendant, Charles Noble, is Director of the Harris County Pre-Trial Services. Defendant Noble is therefore responsible for ensuring that all Pre-Trial programs and employees comply with federal and state disability laws. Charles Noble is sued only in his official capacity and may be served at 1310 Prairie, #170, Houston, Texas 77002.

## FACTS

11. On or about February 13, 1996, Plaintiff was attending high school classes conducted in American Sign Language when he was summoned to the Langham Creek Principal's office without warning.

12. Upon arrival in the Principal's office, Plaintiff was handcuffed and led to a Houston Police Department (HPD) car where he was transported to a City Jail. Plaintiff was detained at the Houston City Jail for several hours and during that time he was treated rudely because he could not understand the verbal directions given to him by HPD.

13. Although HPD officers knew that Plaintiff was deaf and could not communicate effectively with them without a sign language interpreter, HPD repeatedly refused to obtain a sign language interpreter for Plaintiff or to allow him to utilize a TTY for communication purposes.

14. By refusing to obtain an interpreter for Plaintiff and by not allowing Plaintiff to use the TTY, HPD officers also knowingly violated numerous internal policies including HPD Standard Operating Procedures for dealing with disabled prisoners, HPD General Orders and Directives concerning Section 504 and ADA requirements.

15. During Plaintiff's detention at the Houston Jail, Plaintiff was never advised of his rights as a person with a disability and the identity of the City's Section 504/ADA Coordinator(s) was never disclosed to him. Additionally, Plaintiff was never told whether the City maintained Section

ClibPDF - www.fastio.com

504/ADA Grievance Procedures as required by law, or told how to file a grievance for disability discrimination.

16. As a result of HPD's failure to provide appropriate notices and auxiliary aids and services, Plaintiff was not afforded the same protections, benefits and services afforded to non-disabled detainees. Furthermore, Plaintiff was emotionally traumatized by the fear of not knowing what was happening to him or the nature of the charges lodged against him.

17. After several miserable hours at the City Jail, Plaintiff was then moved to the Harris County Jail where he remained until approximately February 28,1996.

18. Although Sheriff's deputies understood that Plaintiff was deaf, they repeatedly failed and refused to obtain a sign language interpreter or to modify policies and procedures to ensure that Plaintiff was afforded effective communication with jail officials and with his lawyer.

19. Once again, Plaintiff was denied the same benefits, privileges and rights afforded to non-disabled detainees who were fully advised of their legal rights, the nature of the charges against them and were allowed to meet with their attorneys and meaningfully participate in the preparation of their defenses.

20. Throughout his lengthy detention at the Harris County Jail, Plaintiff was never advised of his rights as person with a disability, and the identity of the County's Section 504/ADA Coordinator(s) was not disclosed to him. Plaintiff was also never told whether the County maintained Section 504/ADA Grievance Procedures as required by law or how to file a Section 504/ADA disability grievance.

21. As a result of Harris County's repeated failures to provide appropriate auxiliary aids and services and/or to modify its policies to prevent discrimination, Plaintiff was deprived of the protections, benefits and services afforded to non-disabled detainees who were able to communicate

ClibPDF - www.fastio.com

effectively with Harris County officers and with their own attorneys. Plaintiff sustained great emotional distress as a result of Harris County's discriminatory conduct.

22. While Plaintiff was detained at the Harris County Jail, he was taken before Magistrate Carol Carrier for his initial appearance/probable cause hearing in the Harris County Judicial District Courts. This hearing was conducted without benefit of an interpreter, so Plaintiff was once again denied effective communication and he could not participate in or understand the proceedings.

23. Even though the Court was aware that Plaintiff was deaf and that an interpreter was not provided, Plaintiff was also required to sign legal documents which he did not understand.

24. At no time did Magistrate Carrier effectively advise Plaintiff of: (a) his rights as a disabled detainee;(b) the identity of Section 504/ADA Coordinator(s);(c) the existence of Section 504/ADA Grievance Procedures; or (d) how to file a Section 504/ADA Grievance for disability discrimination.

25. Significantly, Plaintiff was denied the protections, benefits, and services afforded to non-disabled detainees who were able to effectively communicate with courtroom personnel and understand the Magistrate's warnings and the nature of the charges against him. Because of this discriminatory conduct, Plaintiff was extremely frightened and confused.

26. During the time that Plaintiff was in Harris County's custody, he was also forced to attend at least two court appearances before the Honorable Jim Wallace in the 263 rd Judicial District Court without an interpreter. Although Court representatives knew that Plaintiff was deaf, they denied Plaintiff effective communication by allowing the bond hearings to continue without an interpreter.

27. Because the Judge Wallace and the Court did not provide an interpreter for the first bond hearing, Plaintiff could not assist with the preparation of the defense to get his bond lowered. As a result, Plaintiff's bond remained prohibitively high so he was forced to remain in jail.

ClibPDF - www.fastio.com

28. Because of his disability, Plaintiff was denied the protections, privileges and benefits afforded to non-disabled detainees who could understand their rights and the nature of the hearings they were attending.

29. Significantly, Judge Wallace and the 263 rd Judicial District Court also did not advise Plaintiff of any of the following: (a) his rights as a disabled person; (b) the identity of the Section 504/ADA Coordinator(s) and/or (c) any Grievance Procedures for disability discrimination complaints.

30. Plaintiff sustained even further emotional distress due to the discriminatory actions of Judge Wallace and the 263 rd Judicial District Court.

31. Following his release from the Harris County Jail on or about February 28, 1996, Plaintiff was required to wear a leg monitor bracelet and to report for regular meetings with Harris County Pretrial Services.

32. Even though Pretrial Services was advised that the leg monitor was not compatible with Plaintiff's TTY and caused great distress and difficulty, Pretrial Services failed and refused to modify its policies and procedures to prevent discrimination.

33. Additionally, Pretrial Services required Plaintiff to sign legal documents that he could not understand and refused to provide interpreters when necessary to ensure effective communication with Plaintiff. Thus, Plaintiff was once again denied the same rights, privileges, benefits and services as non-disabled detainees due to his disability.

34. This continued discrimination was extremely distressing to Plaintiff and his family and resulted in even further emotional distress.

ClibPDF - www.fastio.com

35. Significantly, even though Pretrial Services knew that Plaintiff was distressed by the denial of his requests for modifications and appropriate auxiliary aids and services, Pretrial Services never advised Plaintiff of his rights as a disabled person, never informed him of the identity of the Section 504/ADA Coordinator(s) or advised him how he could file a disability discrimination complaint.

**COUNT I**

**VIOLATION OF THE REHABILITATION ACT OF 1973 (Section 504)**

36. Plaintiff realleges Paragraphs 1-35 as though set forth fully herein.

37. Plaintiff's hearing impairment substantially limits or interferes with major life activities, including his ability to effectively communicate with others. Accordingly, he is considered to be an individual with a disability under Section 504, as amended. See 29 U.S.C. § 706(8).

38. Plaintiff is also "otherwise qualified" under Section 504 because he met the essential eligibility requirements for Defendants' programs, services and activities at all times material hereto.

39. Since Defendants are all recipients of federal financial assistance, they are also subject to the requirements of Section 504.

40. Defendants' policies, practices and procedures, particularly the actions and omissions described above, violated Plaintiff's rights under Section 504 by discriminating against him on the basis of his disability.

41. Additionally, by providing services, programs and activities in an inaccessible manner, Defendants also denied Plaintiff program access and benefits, services and activities which it made available to non-disabled detainees.

ClibPDF - www.fastio.com

42. Defendants violated Plaintiff's rights through their repeated refusals to reasonably accommodate Plaintiff with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

43. Defendants' actions, inactions, practices, policies and procedures denied Plaintiff effective notice of his legal rights as a detainee charged with a criminal offense and his rights as a person with a disability, including Section 504 Grievance procedures.

44. Defendants further violated Section 504 by failing to establish and/or abide by effective communication procedures for the deaf and hard of hearing during detention, arrest, in the courtrooms and during post release programs. Because of this lack of policies, or deliberate indifference to existing policies, Defendants' deprived Plaintiff of programs, services and activities that were as effective as those offered to non-disabled detainees.

45. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendants' violations of Section 504.

46. Plaintiff is a resident of Houston, Harris County, Texas and plans to continue living in this area. Additionally, Plaintiff is also currently on probation and must address all issues relating to the alleged offense with the 263 rd Judicial District Court and with State and Harris County employees. Thus, Plaintiff must continually access programs, services and activities offered by the City of Houston, Harris County and the State of Texas. Plaintiff will continue to need sign language interpreters and other modifications in order to benefit from Defendants' programs, services and activities. Therefore, Plaintiff faces a high probability of real and immediate harm if Defendants' practices toward deaf and hard of hearing participants are not immediately corrected. Accordingly, Plaintiff also seeks to enjoin Defendants from further violations of Section 504 of the Rehabilitation Act of 1973, as amended.

ClibPDF - www.fastio.com

## COUNT II

## VIOLATION OF TITLE II OF THE ADA

47. Plaintiff realleges Paragraphs 1 through 35 as though fully set forth herein.

48. Plaintiff's hearing impairment substantially limits his major life activities, including Plaintiff's ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title II of the ADA. Mr. Gordon met the essential eligibility requirements for Defendants' programs, services and activities at all times material hereto. Thus, he also meets the definition of "qualified individual with a disability" and is be entitled to the protections of the ADA under 42 U.S.C.A. §1231(2).

49. As previously noted, Defendants are public entities for purposes of Title II of the ADA. See 42 U.S.C. §1231(1) and 28 C.F.R. § 35.104.

50. Defendants violated Title II of the ADA in that they:

(a) Failed to ensure that communications with Plaintiff were as effective as communications with non-disabled individuals;

(b) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff;

(c) Failed to establish and/or provide notice of the appropriate ADA representative, ADA Grievance Procedures and/or to advise Plaintiff of his rights as an individual with a disability under the ADA;

(d) Acted in a discriminatory manner toward Plaintiff because of his disability and failed to ensure that programs, services and activities were accessible to Plaintiff.

(e) Excluded Plaintiff from programs, services and activities of the public entity and denied Plaintiff the benefit of these programs, services and activities due to his disability.

ClibPDF - www.fastio.com

51. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendants' violations of Title II of the ADA.

52. Plaintiff is a resident of Houston, Harris County, Texas and plans to continue living in this area. Additionally, Plaintiff is currently on probation and must address all issues concerning this alleged offense with the 263 rd Judicial District Court and other Harris County and State officials. Thus, Plaintiff must continually access programs, services and activities offered by the City of Houston, Harris County and the State of Texas. Plaintiff will continue to require sign language interpreters and other modifications in order to benefit from Defendants' programs, services and activities. Therefore, Plaintiff faces a high probability of real and immediate harm if Defendants' practices toward deaf and hard of hearing participants are not immediately corrected. Accordingly, Plaintiff also seeks to enjoin Defendants from further violations of Title II of the Americans with Disabilities Act.

## COUNT III

## VIOLATIONS OF CHAPTER 121 - HUMAN RESOURCES CODE

53. Plaintiff realleges Paragraphs 1-35 as though repeated verbatim herein.

54. From February 13, 1996, to date, Defendants have discriminated against Plaintiff in violation of the Texas Human Resources Code §§ 121.003(a),(c) and (d).

55. Plaintiff has sustained damages due to Defendants' discriminatory conduct. Therefore, Plaintiff is entitled to recover for damages sustained because of Defendants' conscious disregard for Plaintiff's civil rights.

ClibPDF - www.fastio.com

## INJUNCTIVE RELIEF

56. As a proximate result of Defendants' practices, policies and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to denials of his statutory rights.

57. Unless injunctive relief is granted, Plaintiff, Rashad Jade Gordon, will suffer immediate and irreparable injury for which there is no remedy at law.

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully prays that this Court grant the following relief:

58. Assume jurisdiction over the claims in Plaintiff's Original Complaint and cite the Defendants to appear and answer herein.

59. Enter a declaratory judgment stating that the Defendants' practices, policies and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, as amended, the Americans with Disabilities Act and Chapter 121 of the Texas Human Resources Code.

60. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff access to, and benefit from, Defendants' programs, services and activities or which deny effective communication with Defendants due to his hearing impairment.

61. Award Plaintiff compensatory damages in the amount that the Court deems appropriate for the injuries Plaintiff sustained due to Defendants' actions.

62. Order Defendants to pay Plaintiff's reasonable attorneys fees and costs of this suit.

ClibPDF - www.fastio.com

63. Grant Plaintiff such other and further relief as this Court may deem just and proper.

DATE: February 11,1998

Respectfully submitted,

**ADVOCACY, INCORPORATED**

By: Elaine B. Roberts

Elaine B. Roberts
State Bar No.: 17004500
7457 Harwin Dr., Suite 100
Houston, Texas 77036
(713) 974-7691 (Phone)
(713) 974-7695 (Fax)

**NAD LAW CENTER**

By: Marc P. Charmatz EBR*

Marc P. Charmatz
814 Thayer Avenue
Silver Spring, Maryland 20910
(301) 587-7730 (Phone)
(301) 587-0234 (Fax)

**ATTORNEYS FOR PLAINTIFF RASHAD GORDON**

* Signed by permission

ClibPDF - www.fastio.com