UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUL 06 1998

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| **RASHAD JADE GORDON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-98-394 |
| | § | |
| **STATE OF TEXAS, *ET AL.*,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Harris County's Motion for Judgment On the Pleadings (Docket #29). After considering the motion and response, the Court is of the opinion that Harris County's motion should be DENIED.

Plaintiff Rashad Jade Gordon ("Gordon") asserts causes of action against Harris County under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*, and Chapter 121 of the Texas Human Resources Code. Gordon, who is substantially deaf, claims he was denied his rights under these statutes while he was incarcerated in the Harris County jail as a pretrial detainee. Harris County argues that the ADA and RA claims should be dismissed because those statutes do not apply to county jail facilities, and urges the Court to dismiss Gordon's state law claim as well under the *Burford* abstention doctrine.[1]

---

[1] *See Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943). Under the *Burford* doctrine, abstention is appropriate in two circumstances: (1) in cases involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case; and (2) in cases where federal adjudication would disrupt state efforts to establish a coherent policy with respect to matters of substantial public importance. *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506, 2514-15, 105 L. Ed. 2d

44

On June 15, 1998, the Supreme Court unanimously held that "the plain text of Title II of the ADA unambiguously extends to state prison inmates." *Pennsylvania Dept. of Corrections v. Yeskey*, No. 97-634, 1998 WL 309065 (U.S. June 15, 1998). It follows from the Supreme Court's holding that Title II of the ADA also applies to county jail facilities, and Harris County has not articulated any basis for distinguishing the RA for purposes of determining whether it applies to county jail facilities. Thus, Harris County has not shown that the ADA and RA do not apply to its jail facilities.

The Court further concludes that the *Burford* abstention doctrine is not applicable in this case. That doctrine only applies in cases where the Court has discretion to grant or deny relief. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, —, 116 S. Ct. 1712, 1722, 135 L. Ed.2d 1 (1996); *Munich American Ins. Co. v. Crawford*, — F.3d —, —, No. 97-10302, 1998 WL 24500, at *4 (5th Cir. June 2, 1998). It does not apply to actions for damages. *Quackenbush*, 517 U.S. at —, 116 S. Ct. at 1728. The pleadings on file reveal that Gordon's claim under Chapter 121 of the Human Resources Code is primarily, if not exclusively, an action for damages, so abstention is not appropriate.

For the foregoing reasons, Harris County's motion is DENIED.

SO ORDERED.

Signed this 1st day of July, 1998.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

298 (1989); *Munich American Ins. Co. v. Crawford*, — F.3d —, —, No. 97-10302, 1998 WL 245000, at *4 (5th Cir. June 2, 1998).

2