IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RASHAD JADE GORDON** | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 98-0394 |
| vs. | § | |
| | § | |
| THE STATE OF TEXAS, | § | JURY TRIAL DEMANDED |
| THE CITY OF HOUSTON, | § | |
| HARRIS COUNTY, TEXAS | § | |
| JUDGE JIM WALLACE, In His Official | § | |
| Capacity, and MAGISTRATE CAROL | § | |
| CARRIER, In Her Official Capacity, | § | |
| Defendants | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Rashad Jade Gordon (Plaintiff) files this First Amended Original Complaint, and would respectfully show the Court as follows:

### STATEMENT OF THE CLAIM

1. Plaintiff Gordon asserts that the Defendants unlawfully discriminated against him because of his disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et. seq.* (Section 504), Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et.seq.* (ADA), and Chapter 121 of the Texas Human Resources Code (Chapter 121). Since Plaintiff suffered damages as a result of Defendants' discriminatory actions against him, he seeks declaratory and injunctive against all of the Defendants and monetary relief from the State of Texas, the City of Houston and Harris County for these damages.



## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's federal claims brought pursuant to 29 U.S.C. § 794, *et. seq.*, and 42 U.S.C. § 12131, *et. seq.*, under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) to consider Plaintiff's state law claims because they arise from the same facts underlying Plaintiff's federal claims and Plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

3.      Venue is invoked pursuant to 28 U.S.C. § 1391, and properly lies in the Houston Division of the United States District Court for the Southern District of Texas because all of the events complained of occurred within Houston, Harris County, Texas.

## PARTIES

4.      Plaintiff, RASHAD JADE GORDON, is a resident of Houston, Harris County, Texas. Plaintiff is profoundly deaf and communicates by American Sign Language (ASL). Therefore, Plaintiff required a qualified ASL interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' programs, services and activities. Plaintiff is also a qualified person with a disability who is entitled to the protections of Section 504, the ADA and Chapter 121.

5.      Defendant, The State of Texas, is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504. Defendant maintains, controls and/or operates many public facilities including the 263rd Judicial District Court, and must comply with Chapter 121 of the Texas Human Resources Code. Defendant may be served through its attorney, Ms. Susan Werner, Assistant Attorney General, Post Office Box 12548, Capital Station, Austin, Texas 77251.

6. Defendant, The City of Houston, is a local government that is a public entity under the ADA and a recipient of federal financial assistance. Therefore, the City is also subject to the anti-discrimination requirements of the ADA and Section 504 and for ensuring that its departments and agents comply with state and federal disability laws. Defendant maintains, controls and/or operates many public facilities, including the City Jail, which must comply with Chapter 121 of the Texas Human Resources Code. The City may be served through its attorney, Mr. Richard Urra, Assistant City Attorney, Post Office Box 1562, Houston, Texas 77251.

7. Defendant, Harris County, is also a public entity which is covered by the ADA. Because Harris County receives federal financial assistance, it is also subject to the requirements of Section 504. Harris County may be served through its attorney, Ms. Barbara Toby Baruch, Assistant County Attorney, 1019 Congress, 15th Floor, Houston, Texas 77002. Harris County maintains, controls and/or operates many public facilities, such as the Harris County Jail, which must comply with Chapter 121 of the Texas Human Resources Code.

8. Defendant, the Honorable Jim Wallace, presiding Judge over the 263rd Judicial District Court, is sued in his official capacity. The 263rd Judicial District Court is also a public entity, a public facility and a recipient of federal financial assistance. Therefore, it must comply with the ADA, Section 504 and Chapter 121. Defendant may be served through his attorney, Ms. Susan Werner, Assistant Attorney General, Post Office Box 12548, Capital Station, Austin, Texas 77251.

9. Defendant, the Honorable Carol Carrier, Magistrate with the Harris County Judicial District Courts, is sued in her official capacity. The Court over which Magistrate Carrier presides is a public entity subject to the ADA, a recipient of federal financial assistance under Section 504 and a public facility under Chapter 121. Defendant may be served through her attorney, Ms. Susan Werner, Assistant Attorney General, Post Office Box 12548, Capital Station, Austin, Texas 77251.

## FACTS

10.     On or about February 13, 1996, Plaintiff was attending Langham Creek High School classes conducted in American Sign Language when he was summoned to the Principal's office without warning.

11.     Upon arrival in the Principal's office, Plaintiff was handcuffed and led to a Houston Police Department (HPD) car where he was transported to the City Jail. Because he was deaf and appropriate auxiliary aids were not provided during this transport, Plaintiff was also denied effective communication with the HPD officers transporting him.

12.     The Plaintiff was then detained at the Houston City Jail for several hours and during that time he was treated in a discriminatory manner because he could not understand the verbal directions given to him by HPD. Although HPD officers knew that Plaintiff was deaf and could not communicate effectively with them without a sign language interpreter, HPD repeatedly refused to obtain a sign language interpreter for Plaintiff or to allow him to utilize a TTY for communication purposes.

13.     By refusing to obtain an interpreter for Plaintiff, and by not allowing him to use the TTY, HPD officers also violated numerous internal policies, including HPD Standard Operating Procedures, HPD General Orders and Directives concerning disabled detainees.

14.     During Plaintiff's detention at the Houston Jail, Plaintiff was never advised of his rights as a person with a disability, and the identity of the City's Section 504/ADA Coordinator(s) was never disclosed to him. Additionally, Plaintiff was never told whether the City maintained Section 504/ADA Grievance Procedures as required by law, or told how to file a grievance for disability discrimination.

15.  As a result of HPD's failure to provide appropriate notices, appropriate auxiliary aids and services, and reasonable accommodations and/or modifications, Plaintiff was not afforded the same protections, benefits and services afforded to non-disabled detainees. Furthermore, Plaintiff was emotionally traumatized by the fear of not knowing what was happening to him or the nature of the charges lodged against him.

16.  After several miserable hours at the City Jail, Plaintiff was then transported by City employees, representatives and/or agents to the Harris County Jail. During this transport and transfer process, Plaintiff Gordon was once again denied effective communication with HPD personnel involved in his transportation and transfer and with Harris County Pretrial personnel who were completing significant legal documents, records and/or recommendations pertaining to Rashad Jade Gordon.

17.  Although Harris County employees and representatives understood that the Plaintiff was deaf, they repeatedly failed and refused to obtain a sign language interpreter or to modify policies and procedures to ensure that Plaintiff was afforded effective communication with jail personnel, Pretrial Services and with his lawyer.

18.  As a result of lack of effective communication with the Harris County Jail personnel and Pretrial Services, Plaintiff Gordon was denied the special education services to which he was entitled. Additionally, Plaintiff did not know how to access programs, services and activities available to non-disabled detainees and he did not have the same benefits, privileges and rights afforded to non-disabled detainees who were fully advised of their legal rights, the nature of the charges against them and were allowed to effectively communicate with their attorneys.

19.  Throughout his lengthy detention at the Harris County Jail, Plaintiff was never advised of his rights as a person with a disability, and the identity of the County's Section 504/ADA Coordinator(s) was not disclosed to him. Plaintiff was also never told whether the County

maintained Section 504/ADA Grievance Procedures as required by law or how to file a Section 504/ADA disability grievance.

20.     As a result of Harris County's repeated failures to provide appropriate auxiliary aids and services and/or to modify its policies to prevent discrimination, Plaintiff was deprived of the protections, benefits and services afforded to non-disabled detainees who were able to communicate effectively with Harris County officers, employees and agents and with their own attorneys. Plaintiff suffered great emotional distress as a result of Harris County's discriminatory conduct.

21.     While Plaintiff was detained at the Harris County Jail, he was taken before Magistrate Carol Carrier for his initial appearance/probable cause hearing in the Harris County Judicial District Courts. This hearing was conducted without an interpreter, so Plaintiff was once again denied effective communication and he could not participate in or understand the proceedings.

22.     Even though the Court was aware that Plaintiff was deaf and that an interpreter was not provided, Plaintiff was also required to sign legal documents which he did not understand.

23.     At no time did Magistrate Carrier effectively advise Plaintiff of: (a) his rights as a disabled detainee;(b) the identity of Section 504/ADA Coordinator(s);(c) the existence of Section 504/ADA Grievance Procedures; or (d) how to file a Section 504/ADA Grievance for disability discrimination.

24.     Significantly, Plaintiff was denied the protections, benefits, and services afforded to non-disabled detainees who were able to effectively communicate with courtroom personnel and understand the Magistrate's warnings and the nature of the charges against them. Because of this discriminatory conduct, Plaintiff was extremely frightened and confused.

25.     During the time that Plaintiff was in Harris County's custody, he was also forced to attend at least two court appearances before the Honorable Jim Wallace in the 263rd Judicial District Court without an interpreter. Although Court representatives knew that Plaintiff was deaf, they denied

Plaintiff effective communication by allowing the bond hearings and/or appearances to continue without an interpreter.

26.     Because Judge Wallace and the Court did not provide an interpreter for the first bond hearing, Plaintiff could not assist with the preparation of the defense to get his bond lowered. Plaintiff's bond remained prohibitively high so he was forced to remain in jail. Additionally, since sign language interpreters were not provided for all of his court appearances before Judge Wallace, Plaintiff could not understand and communicate effectively with Courtroom personnel and/or his attorney.

27.     Significantly, Judge Wallace and the 263rd Judicial District Court never advised Plaintiff of any of the following: (a) his rights as a disabled person; (b) the identity of the Section 504/ADA Coordinator(s) and/or (c) any Grievance Procedures for disability discrimination complaints.

28.     As a result of discriminatory conduct, Plaintiff was denied the protections, privileges, benefits and services afforded to non-disabled detainees appearing in the 263rd Judicial District Court. Accordingly, Plaintiff sustained even further emotional distress due to the discriminatory actions of Judge Wallace and the 263rd Judicial District Court.

29.     Following his release from the Harris County Jail on or about February 28, 1996, Plaintiff was required to wear a leg monitor bracelet and to report for regular meetings with Harris County Pretrial Services.

30.     Even though Pretrial Services was advised that the leg monitor was not compatible with Plaintiff's TTY and caused great distress, Pretrial Services failed and refused to modify its policies and procedures to prevent discrimination against Plaintiff Gordon.

31.     Additionally, Pretrial Services required Plaintiff to sign legal documents that he could not understand and refused to provide interpreters when necessary to ensure effective communication

with Plaintiff. Thus, Plaintiff was once again denied the same rights, privileges, benefits and services as non-disabled detainees due to his disability.

32. This continued discrimination was extremely distressing to Plaintiff and resulted in even further emotional damages.

33. Significantly, even though Pretrial Services knew that Plaintiff was distressed by the denial of his requests for modifications and appropriate auxiliary aids and services, Pretrial Services never advised Plaintiff of his rights as a disabled person, never informed him of the identity of the Section 504/ADA Coordinator(s) or advised him how he could file a disability discrimination complaint.

34. As a result of the foregoing discriminatory actions against him, Plaintiff sustained damages which continue to this date.

## COUNT I

## VIOLATION OF THE REHABILITATION ACT OF 1973 (Section 504)

35. Plaintiff realleges Paragraphs 1-34 as though set forth fully herein.

36. Plaintiff's hearing impairment substantially limits or interferes with major life activities, including his ability to effectively communicate with others. Accordingly, he is considered to be an individual with a disability under Section 504, as amended. See 29 U.S.C. § 706(8).

37. Plaintiff is also "otherwise qualified" under Section 504 because he met the essential eligibility requirements for Defendants' programs, services and activities at all times material hereto.

38. Since the Defendants are all recipients of federal financial assistance, they are also subject to the requirements of Section 504.

39. Defendants' policies, practices and procedures, particularly the actions and omissions described above, violated Plaintiff's rights under Section 504 by discriminating against him on the basis of his disability.

40. Additionally, by providing services, programs and activities in an inaccessible manner, Defendants also denied Plaintiff program access and benefits, services and activities that it made available to non-disabled detainees.

41. Defendants violated Plaintiff's rights through their repeated refusals to reasonably accommodate Plaintiff with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

42. Defendants' actions, inactions, practices, policies, evaluations, plans and procedures denied Plaintiff effective notice of his legal rights as a detainee charged with a criminal offense and his rights as a person with a disability, including Section 504 Grievance procedures and the identity of the Section 504 Coordinator(s).

43. Defendants further violated Section 504 by failing to establish and/or abide by effective communication policies and procedures for deaf and/or hard of hearing persons who: (a) are detained, arrested, and/or transported; (b) are appearing in court; and/or (c) participating in pre and post release programs. Accordingly, Defendants deprived Plaintiff of programs, services and activities that were as effective as those offered to non-disabled detainees.

44. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendants' violations of Section 504.

45. Plaintiff is a resident of Houston, Harris County, Texas and plans to continue living and working in this area. Plaintiff is also currently on probation. Thus, Plaintiff must continually access programs, services and activities offered by the City of Houston, Harris County and the State of

Texas. Plaintiff will continue to need sign language interpreters and other auxiliary aids and services and modifications in order to benefit from Defendants' programs, services and activities. Therefore, Plaintiff faces a high probability of real and immediate harm if Defendants' practices toward deaf and hard of hearing participants are not immediately corrected. Accordingly, Plaintiff also seeks to enjoin Defendants from further violations of Section 504 of the Rehabilitation Act of 1973, as amended.

## COUNT II
## VIOLATION OF TITLE II OF THE ADA

46. Plaintiff realleges Paragraphs 1 through 34 as though fully set forth herein.

47. Plaintiff's hearing impairment substantially limits his major life activities, including Plaintiff's ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title II of the ADA. Mr. Gordon met the essential eligibility requirements for Defendants' programs, services and activities at all times material hereto. Thus, he also meets the definition of "qualified individual with a disability" and is be entitled to the protections of the ADA under 42 U.S.C.A. §12131(2).

48. As previously noted, Defendants are public entities for purposes of Title II of the ADA. See 42 U.S.C. §12131(1) and 28 C.F.R. § 35.104.

49. Defendants violated Title II of the ADA in numerous ways, including discriminatory actions which occurred when they:

    (a)    Failed to ensure that communications with Plaintiff were as effective as communications with non-disabled individuals;

    (b)    Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff;

(c) Failed to establish effective self-evaluations and transition plans, and/or provide notice of the appropriate ADA representative, ADA Grievance Procedures and/or to advise Plaintiff of his rights as an individual with a disability under the ADA;

(d) Acted in a discriminatory manner toward Plaintiff because of his disability and failed to ensure that programs, services and activities were accessible to Plaintiff.

(e) Excluded Plaintiff from programs, services and activities of the public entity and denied Plaintiff the benefit of these programs, services and activities due to his disability.

50. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendants' violations of Title II of the ADA.

51. Plaintiff is a resident of Houston, Harris County, Texas and plans to continue living and working in this area. Plaintiff is currently on probation. Thus, Plaintiff must continually access programs, services and activities offered by the City of Houston, Harris County and the State of Texas. Plaintiff will continue to require sign language interpreters, auxiliary aids and services and other modifications in order to benefit from Defendants' programs, services and activities. Therefore, Plaintiff faces a high probability of real and immediate harm if Defendants' practices toward deaf and hard of hearing participants are not immediately corrected. Accordingly, Plaintiff also seeks to enjoin Defendants from further violations of Title II of the Americans with Disabilities Act.

## COUNT III

## VIOLATIONS OF CHAPTER 121 - HUMAN RESOURCES CODE

52. Plaintiff realleges Paragraphs 1-34 as though repeated verbatim herein.

53. From February 13, 1996, to date, Defendants have discriminated against Plaintiff in violation of the Texas Human Resources Code §§ 121.003(a),(c) and (d). Accordingly, Plaintiff has been denied equal access to the public facilities maintained, operated and/or controlled by the Defendants.

54. Plaintiff has sustained damages due to the Defendants' discriminatory conduct. Therefore, Plaintiff is entitled to recover for damages he sustained because of Defendants' conscious disregard for Plaintiff's civil rights.

## INJUNCTIVE RELIEF

55. As a proximate result of Defendants' practices, policies and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to denials of his statutory rights.

56. Unless injunctive relief is granted, Plaintiff, Rashad Jade Gordon, will suffer immediate and irreparable injury for which there is no remedy at law.

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully prays that this Court grant the following relief:

57. Assume jurisdiction over the claims in Plaintiff's First Amended Original Complaint and cite the Defendants to appear and answer herein.

58. Enter a declaratory judgment stating that the Defendants' practices, policies and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, as amended, the Americans with Disabilities Act and/or Chapter 121 of the Texas Human Resources Code.

59. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from, Defendants' programs, services and activities, or which deny Plaintiff effective communication with Defendants due to his deafness.

60. Award Plaintiff compensatory damages against the City of Houston, the State of Texas and Harris County in the amount that the Court deems appropriate for the injuries Plaintiff sustained due to Defendants' actions.

61. Order Defendants to pay Plaintiff's reasonable attorneys fees and costs of this suit.

62. Grant Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ADVOCACY, INCORPORATED

By: *Elaine B. Roberts*
Elaine B. Roberts
State Bar No.: 17004500
7457 Harwin Dr., Suite 100
Houston, Texas 77036
(713) 974-7691 (Phone)
(713) 974-7695 (Fax)

NAD LAW CENTER

By: *Marc P. Charmatz* EBR*
Marc P. Charmatz
814 Thayer Avenue
Silver Spring, Maryland 20910
(301) 587-7732 (Phone)
(301) 587-0234 (Fax)

ATTORNEYS FOR PLAINTIFF
RASHAD GORDON

* Signed by permission

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 1998, a true and correct copy of the foregoing Plaintiff's First Amended Original Complaint has been forwarded to all counsel of record as follows:

Mr. Richard Urra
Senior Assistant City Attorney
Post Office Box 1562
Houston, Texas 77251
*CM-RRR - Receipt No. P 243 933 802*

Ms. Barbara Toby Baruch
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
*CM-RRR - Receipt No. P 243 933 803*

Ms. Susan Werner
Assistant Attorney General
Post Office Box 12548, Capital Station
Austin, Texas 78711
*CM-RRR - Receipt No. P 243 933 804*

*Elaine B. Roberts*
Elaine B. Roberts