UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC 18 1998 EE

MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASHAD JADE GORDON | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-98-0394 |
| | § | |
| THE STATE OF TEXAS, | § | JURY TRIAL DEMANDED |
| THE CITY OF HOUSTON, | § | |
| HARRIS COUNTY, TEXAS | § | |
| JUDGE JIM WALLACE, in his | § | |
| official capacity, MAGISTRATE | § | |
| CAROL CARRIER, in her official | § | |
| capacity, CHIEF C.O. BRADFORD, | § | |
| in his official capacity, SHERIFF | § | |
| TOMMY THOMAS, in his official | § | |
| capacity, and CHARLES NOBLE, | § | |
| in his official capacity | § | |
|     Defendants. | § | |

### DEFENDANT CITY OF HOUSTON'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Defendant, CITY OF HOUSTON, and files this its Amended Answer to Plaintiff's First Amended Original Complaint pursuant to the Federal Rules of Civil Procedure and would show as follows:

### STATEMENT OF THE CASE

1.    Defendant denies each and every allegation contained in Paragraph one (1) of Plaintiff's First Amended Complaint.

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

67

## JURISDICTION AND VENUE

2. Defendant denies each and every allegation contained in paragraph 2 of Plaintiff's First Amended Original Complaint.

3. Defendant admits this Court is the proper venue for Plaintiff's claims, but denies jurisdiction of the Court.

## PARTIES

4. Defendant, after reasonable search and investigation, is without sufficient information at this time to admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Original Complaint. Defendant hereby expressly denies each and every allegation contained in Paragraph 4 of Plaintiff's First Amended Original Complaint.

5. Defendant, after reasonable search and investigation, is without sufficient information at this time to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Original Complaint. Defendant hereby expressly denies each and every allegation contained in Paragraph 5 of Plaintiff's First Amended Original Complaint.

6. Defendant denies each and every allegation contained in Paragraph 6 of Plaintiff's First Amended Original Complaint except that it admits that for the limited purpose of this litigation, the City of Houston may now be served by its attorney.

7. Defendant, after reasonable search and investigation, is without sufficient information at this time to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Original Complaint. Defendant hereby expressly denies each and every allegation contained in Paragraph 7 of Plaintiff's First Amended Original Complaint.

8. Defendant, after reasonable search and investigation, is without sufficient information at this time to admit or deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Original Complaint. Defendant hereby expressly denies each and every allegation contained in Paragraph 8 of Plaintiff's First Amended Original Complaint.

9. Defendant, after reasonable search and investigation, is without sufficient information at this time to admit or deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Original Complaint. Defendant hereby expressly denies each and every allegation contained in Paragraph 9 of Plaintiff's First Amended Original Complaint.

## FACTS

10. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Original Complaint.

11. Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's First Amended Original Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's First Amended Original Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's First Amended Original Complaint.

14. Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's First Amended Original Complaint.

15. Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's First Amended Original Complaint.

16.     Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's First Amended Original Complaint.

17.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 17 not specifically admitted.

18.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 18 not specifically admitted.

19.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 19 not specifically admitted.

20.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 20 not specifically admitted.

21.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 21 not specifically admitted.

22.     After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 22 not specifically admitted.

23. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 23 not specifically admitted.

24. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 24 not specifically admitted.

25. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 25 not specifically admitted.

26. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 26 not specifically admitted.

27. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 27 not specifically admitted.

28. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 28 not specifically admitted.

29. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 29 not specifically admitted.

30. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 30 not specifically admitted.

31. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 31 not specifically admitted.

32. Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's First Amended Original Complaint.

33. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 33 not specifically admitted.

34. Defendant denies each and every allegation contained in Paragraph 34 of Plaintiff's First Amended Original Complaint.

## VALUATION OF THE REHABILITATION ACT OF 1973

35. Defendant re-alleges its answers to Plaintiff's Paragraph 1-34 as though set forth fully herein.

36. After reasonable search and investigation, Defendant is unable to admit or deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Original Complaint. Until such time as found otherwise, Defendant denies each and every allegation contained in Paragraph 36 of Plaintiff's First Amended Original Complaint.

37. Defendant denies each and every allegation contained in Paragraph 37 of Plaintiff's First Amended Original Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of Plaintiff's First Amended Original Complaint.

39. Defendant denies each and every allegation contained in Paragraph 39 of Plaintiff's First Amended Original Complaint.

40. Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's First Amended Original Complaint.

41. Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's First Amended Original Complaint.

42. Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's First Amended Original Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of Plaintiff's First Amended Original Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of Plaintiff's First Amended Original Complaint.

45. After reasonable search and investigation, Defendant is unable to ascertain whether Plaintiff is a resident of Houston, Harris County, Texas and whether he plans to continue living and working in this area. Defendant denies each and every allegation not specifically admitted in Paragraph 45 of Plaintiff's First Amended Original Complaint.

## COUNT II

## VIOLATION OF TITLE II OF THE ADA

46. Defendant re-alleges its answers to Plaintiff's Paragraphs 1-34 of his First Amended Original Complaint as though fully set forth herein.

47. After reasonable search and investigation, Defendant is without sufficient information to admit or deny the first sentence in Paragraph 47 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 47 of Plaintiff's First Amended Original Complaint.

48. Defendant denies each and every allegation contained in Paragraph 48 of Plaintiff's First Amended Original Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of Plaintiff's First Amended Original Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of Plaintiff's First Amended Original Complaint.

51. After reasonable search and investigation, Defendant is without sufficient information to admit or deny the first sentence in Paragraph 51 of Plaintiff's First Amended Original Complaint. Defendant denies each and every allegation contained in Paragraph 51 of Plaintiff's First Amended Original Complaint.

## COUNT III

## VIOLATIONS OF CHAPTER 121 - HUMAN RESOURCE CODE

52. Defendant re-alleges its answers to Paragraphs 1-34 of Plaintiff's First Amended Original Complaint as though fully set out herein.

53. Defendant denies each and every allegation contained in Paragraph 53 of Plaintiff's First Amended Original Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of Plaintiff's First Amended Original Complaint.

## INJUNCTIVE RELIEF

55. Defendant denies each and every allegation contained in Paragraph 55 of Plaintiff's First Amended Original Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of Plaintiff's First Amended Original Complaint.

## PRAYER FOR RELIEF

57. Defendant denies the Court has jurisdiction. Defendant admits it has appeared and answered herein subject to its denial of the Court's jurisdiction.

58. Defendant denies each and every allegation contained in Paragraph 58 of Plaintiff's First Amended Original Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of Plaintiff's First Amended Original Complaint.

60. Defendant denies each and every allegation contained in Paragraph 60 of Plaintiff's First Amended Original Complaint.

61. Defendant denies each and every allegation contained in Paragraph 61 of Plaintiff's First Amended Original Complaint.

62. Defendant denies each and every allegation contained in Paragraph 62 of Plaintiff's First Amended Original Complaint.

## AFFIRMATIVE DEFENSES

63. Defendant enters a general denial.

64. For further answer, if the same be necessary, this Defendant says that the incident out of which this lawsuit grew, and the consequent injuries, if any, to Plaintiff were not caused by any act of negligence, either of omission or of commission, on the part of this Defendant, its agents, servants, or employees, but, to the contrary, such injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence of the Plaintiff, RASHAD JADE GORDON.

65. For further answer, if the same be necessary, this Defendant says that the incident out of which this lawsuit grew, and the consequent injuries, if any, to Plaintiff were not caused by any act of negligence, either of omission or of commission, on the part of this Defendant, its agents, servants, and/or employees, but, to the contrary, such injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence of the Plaintiff RASHAD JADE GORDON or by some third party over whom this defendant had no supervision or control.

66. For further and special answer, if the same be necessary, Defendant City of Houston says that Plaintiff has wholly failed to meet the substantive requirements necessary to perfect a state common law cause of action against Defendant City of Houston, in that Plaintiff has failed to give the Mayor and City Council of the City of Houston proper notice of the alleged occurrence as required by Article IX, Section 11, of the Charter of the City of Houston, Texas (Sp. Laws, 29th Legis. 1905, Ch. 17, pg. 131, as amended by the vote of the people at different times subsequent to the effective date of Article XI, Section 5, (the "Home Rule" Amendment) to the Constitution of the State of Texas), hereinafter referred to as the City Charter.  (A copy of said Article IX, Section 11, is attached hereto as Exhibit "A").  Since strict compliance with the Charter notice provision is a mandatory prerequisite, substantive in nature, to the establishment of liability against said City, and since the Plaintiff has failed to properly comply with said Charter notice requirements, in that no verified notice was filed within ninety (90) days of the accident, Plaintiff has failed to state (or preserve) any cause of action against Defendant City of Houston.  Wherefore, for this additional reason, Defendant City of Houston is not, and cannot be, liable to Plaintiff for state law claims.

67. For further and special answer, if the same be necessary, this Defendant, the CITY OF HOUSTON, would show the Court that it is a municipal corporation, functioning as such under a Special Charter granted it by the legislature of the State of Texas, as well as by Article XI, Section 5, (the "Home Rule Amendment") of the Constitution of the State of Texas, and the various laws of the State of Texas germane thereto; thus, as such, by the doctrine of governmental immunity, it is not obligated by law to respond in damages for its acts and/or omissions, nor for

those of its agents, servants, and/or employees, incident to, resulting from, or arising or developing out of its governmental functions nor may Plaintiff claim benefit of any waiver of such immunity.

68. Defendant City of Houston specifically and affirmatively pleads and claims all of the exemptions and exceptions from, and limitations on, liability provided by the Texas Tort Claims Act, §101.001 et seq., Civil Practice & Remedies Code.

## FIRST DEFENSE

### (Lack of Subject Matter Jurisdiction)

69. This Court lacks subject matter jurisdiction over the causes of action asserted in Plaintiff's First Amended Original Complaint.

## II.

## SECOND DEFENSE

### (Abstention)

70. Plaintiff's pendent state claims involve an unresolved question of state law necessitating this Court's abstention from resolving Plaintiff's claims under Chapter 121 of the Texas Human Resources Code.

## III.

## THIRD DEFENSE

### (Powers Reserved To The States)

71. This Honorable Court's consideration of Plaintiff's claims, whether in law or in equity, are in derogation of the powers reserved to the states under Amendment X of the United States Constitution.

## IV.

## FOURTH DEFENSE

### (Lack of Standing)

72. Plaintiff lacks the appropriate standing in which to present a case or controversy to this Honorable Court under Article III of the United States Constitution.

## V.

## FIFTH DEFENSE

### (Failure To Comply With Administrative Prerequisites For The Institution of Suit)

73. Plaintiff has wholly failed to comply with the administrative prerequisites for the institution of suit under the federal laws under which he sues.

## VI.

## SIXTH DEFENSE

### (Limitations)

74. Plaintiff's claims are barred in whole or in part by the applicable statute or statutes of limitations.

## VII.

## SEVENTH DEFENSE

75. Further responding to the separately numbered averments contained in Plaintiff's Original Complaint (The Complaint), Defendant City answers these as follows:

76. The averments in Paragraph I of the Complaint purport to characterize the nature of Plaintiff's claims and requires no response to the extent, however, that such a response may be

required, defendant denies violating Plaintiff's rights under the Rehabilitation Act of 1973, The Americans With Disabilities Act of 1990, or the Texas Human Resources Code.

## COUNTER-CLAIM

77. Defendant City of Houston prays that Plaintiff's action be dismissed, or ultimately that judgment be entered in its favor, that it be awarded costs of Court, attorneys fees and such other and further relief to which it may show itself to be justly entitled.

## PRAYER

78. Defendant City requests the dismissal of the action, or, alternatively, that judgment be granted in its favor, that it be awarded attorney's fees and costs, and such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

By: *[signature]*
RICHARD JOHN URRA
Assistant City Attorney
Federal Admission No.
TBA #00789690
P.O. Box 1562
Houston, Texas 77251
(713) 247-1494
(713) 247-1017 (Fax)

Attorney-in-Charge for
City of Houston, Texas

OF COUNSEL:
CITY OF HOUSTON LEGAL DEPARTMENT

ANTHONY W. HALL, JR.
City Attorney

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

14

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure on **December 18, 1998**.

Elaine B. Roberts
Advocacy, Incorporated
7457 Harwin Dr., Suite 100
Houston, Texas   77036
**CM/RRR P 974 665 253**

Marc P. Charmatz
NAD Law Center
814 Thayer Avenue
Silver Spring, Maryland   20910
**CM/RRR P 974 665 254**

Michael P. Fleming
County Attorney
Barbara Toby Baruch
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas   77002
**CM/RRR P 974 665 255**

Susan Werner
Assistant Attorney General
Post Office Box 12548
Capitol Station
Austin, Texas   78711
**CM/RRR P 974 665 258**

_____
RICHARD JOHN URRA

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

15

# ARTICLE IX, SECTION 11
# CHARTER, CITY OF HOUSTON, TEXAS

## Section 11. Notice of Claim for Damages

"Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction duly verified, within ninety (90) days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter."

## EXHIBIT "A"

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

| | |
|---|---|
| STATE OF TEXAS | § |
| | §     **A F F I D A V I T** |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared **RICHARD JOHN URRA**, Assistant City Attorney of the City of Houston, who, being first duly sworn, upon his oath, deposed and said:

> "I am an Assistant City Attorney for the City of Houston, Texas. I am authorized to make the foregoing **Defendant City of Houston's AMENDED ANSWER** and hereby swear that such statements contained in Paragraph _66_ are true and correct based on my best information and belief."

_____
**RICHARD JOHN URRA**

SUBSCRIBED AND SWORN TO BEFORE ME by the said **RICHARD JOHN URRA** on **December 18, 1998**, to certify which witness my hand and seal of office.

[SEAL: SHARRY HARRISON, Notary Public, State of Texas, My Commission Expires 1/17/99]

_____
Notary Public in and for
The State of T E X A S

My commission expires:
1-17-99

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RASHAD JADE GORDON § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-98-0394 |
| § | |
| THE STATE OF TEXAS, § | JURY TRIAL DEMANDED |
| THE CITY OF HOUSTON, § | |
| HARRIS COUNTY, TEXAS § | |
| JUDGE JIM WALLACE, in his § | |
| official capacity, MAGISTRATE § | |
| CAROL CARRIER, in her official § | |
| capacity, CHIEF C.O. BRADFORD, § | |
| in his official capacity, SHERIFF § | |
| TOMMY THOMAS, in his official § | |
| capacity, and CHARLES NOBLE, § | |
| in his official capacity § | |
|     Defendants. § | |

## JURY DEMAND

In exercise of its rights under the Constitution and laws of the United States and applicable rules of court, Defendant requests a trial by jury of the above-styled and numbered cause of action.

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

Respectfully submitted,

By: /s/ Richard John Urra
RICHARD JOHN URRA
Assistant City Attorney
Federal Admission No.
TBA #00789690
P.O. Box 1562
Houston, Texas 77251
(713) 247-1494
(713) 247-1017 (Fax)

Attorney-in-Charge for
City of Houston, Texas

OF COUNSEL:
CITY OF HOUSTON LEGAL DEPARTMENT

ANTHONY W. HALL, JR.
City Attorney

RJU 365/slh
GORDON/C.A. NO. H-98-0394
December 18, 1998

2

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure on **December 18, 1998**.

Elaine B. Roberts
Advocacy, Incorporated
7457 Harwin Dr., Suite 100
Houston, Texas   77036
**CM/RRR P 974 665 253**

Marc P. Charmatz
NAD Law Center
814 Thayer Avenue
Silver Spring, Maryland   20910
**CM/RRR P 974 665 254**

Michael P. Fleming
County Attorney
Barbara Toby Baruch
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas   77002
**CM/RRR P 974 665 255**

Susan Werner
Assistant Attorney General
Post Office Box 12548
Capitol Station
Austin, Texas   78711
**CM/RRR P 974 665 258**

RICHARD JOHN URRA